DAVID AXTELL, as Administrator, etc., of FRANK B. AXTELL, Deceased, Appellant, v. THE ERIE RAILROAD COMPANY, Respondent.— Appeal from an order and judgment of nonsuit in this action brought under the Federal Employers' Liability Act (U. S. Code, tit. 45, § 51 et seq.). Plaintiff's intestate met his death while working upon defendant's railroad tracks by being struck upon the head by a compressed air wrench weighing between seventy and eighty pounds, with which he and a colaborer were turning down into a railroad tie a large square-headed lag screw. These screws and the fish plates through which they passed securely fastened the rails to the ties. The wrench consisted of a perpendicular shaft with an orifice in the lower end to fit the square head of the screw. A compressed air machine was attached to the upper end of the shaft. The decedent held the dead handle of the wrench. His coworker, McNamara, operated the wrench holding

the handle through which air passed to the machine from a rubber hose attached to the air compressor. The passage of air was controlled by two valves each attached to the handle held by McNamara and under his control, one a pinch valve near the point where the air hose was attached. This was opened by the pressure of the operator's hand upon a short lever and closed when he released the lever. Its only function was to admit and shut off air. The other was a sleeve valve nearer the shaft. It was operated by turning a sleeve which surrounded the handle. Its function was to advance or retard the speed at which the shaft revolved. Also it would reverse the motion of the shaft and, by being placed in a neutral position, it would shut off the air, even though the pinch valve was open. At the time of the injury the sleeve valve was so adjusted that it could be turned only by using a hand wrench. Plaintiff was hit upon the head by the air wrench when it was forced from his own and McNamara's hands when the pinch valve failed to close after its lever was released and the lag screw had been set and was immovable. It is the contention of the defendant that the pinch valve was designed alone to admit the air and that the machine was in proper working order when the sleeve valve was set so that a uniform amount of air would be admitted, and that it was to be expected that the operator could use a hand wrench when it was desirable that the speed of the air wrench be changed or the wrench set in reverse. It is the contention of the plaintiff that the sleeve valve when in proper repair furnished an additional means by which the admission of air was controlled, and that there was a defect when it was necessary to use a hand wrench in its operation, and that McNamara could have shut off the air by means of a sleeve valve had it been in proper working order, even though the pinch valve failed to work. There is evidence in this case to sustain the contention of the plaintiff, and as this is a nonsuit the evidence most favorable to the plaintiff must be considered and the most favorable inferences drawn therefrom. Judgment and order of nonsuit reversed on the law, and new trial granted, with costs to the appellant to abide the event. Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ., concur.